IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21-66-GF-BMM-JTJ |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| JEREMY JOHN WALSTON, | |
| Defendant. | |

## I.    Synopsis

Defendant Jeremy John Walston (Walston) has been accused of violating the conditions of his supervised release. (Doc. 36). Walston admitted the alleged violations. Walston's supervised release should be revoked. Walston should be sentenced to custody for 5 months, with no term of supervised release to follow.

## II.    Status

Walston plead guilty on June 28, 2021, to the offense of Felon in Possession of Firearm, in violation of 18 U.S.C. § 922 (g)(1), as charged in Count 1 of the Indictment. (Doc. 19). Walston was sentenced to 21 months of custody, with 3 years of supervised release to follow. (Doc. 28). Walston's current term of supervised release began on March 10, 2023.

**Petition**

On March 11, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Walston's supervised release. (Doc. 36). The Petition alleged Walston violated conditions of his supervised release by: (1) ingesting or inhaling psychoactive substances by huffing from aerosol cans on March 10, 2025; (2) using methamphetamine on March 7, 2025; (3) possessing and injecting suboxone without a valid prescription on March 10, 2025; and (4) engaging in gambling by purchasing lottery scratch off tickets sometime prior to March 10, 2025.

**Initial Appearance**

Walston appeared before the Court on April 3, 2025. Walston was represented by counsel. Walston stated that he had read the Petition and that he understood the allegations against him. Walston waived his right to a preliminary hearing.

**Revocation hearing**

Walston appeared before the Court on April 3, 2025. The parties consented to proceed with the revocation hearing before the undersigned. Walston admitted that he had violated the conditions of supervised release as set forth in the Petition by: (1) ingesting or inhaling psychoactive substances by huffing from aerosol cans on March 10, 2025; (2) using methamphetamine on March 7, 2025; and (3) possessing and injecting suboxone without a valid prescription on March 10, 2025; The Government moved to dismiss allegation (4), which the Court granted. Walston's admitted violations are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Walston appeared before the Court on April 3, 2025. Walston's violations are Grade C. His criminal history category is III. Walston's underlying offense is a Class C felony. Walston could be incarcerated for up to 24 months. Walston could be ordered to remain on supervised release for 36 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III.   Analysis

Walston's supervised release should be revoked. Walston should be sentenced to custody for 5 months, with no term of supervised release to follow. This sentence is sufficient but not greater than necessary.

## IV.    Conclusion

The Court informed Walston that the above sentence would be recommended to the Chief United States District Judge Brian Morris.  The Court also informed Walston of his right to object to these Findings and Recommendations within 14 days of this issuance.  The Court explained to Walston that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.  Walston waived his right to appeal and allocute before Judge Morris.

The Court **FINDS:**

> That JEREMY JOHN WALSTON has violated the conditions of his supervised release by: (1) ingesting or inhaling psychoactive substances by huffing from aerosol cans on March 10, 2025; (2) using methamphetamine on March 7, 2025; and (3) possessing and injecting suboxone without a valid prescription on March 10, 2025.

The Court **RECOMMENDS:**

> That Walston should be sentenced to custody for 5 months, with no term of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C.  § 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 4th day of April 2025.


John Johnston
United States Magistrate Judge